IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| LUANITA ETSITTY-THOMPSON,<br><br>    Plaintiff,<br><br><br><br><br>vs.<br><br><br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FOR LACK OF JURISDICTION<br><br><br><br><br>Case No. 2:13-CV-159 TS |

This matter is before the Court on Defendant's Motion to Dismiss for Lack of

Jurisdiction.  For the reasons discussed below, the Court will grant the Motion.

## I.  BACKGROUND

On October 17, 2010, Officer Dejuan Tolth ("Officer Tolth"), a patrol officer at the

Shiprock Field Office of the Navajo Police Department, went to the home of Plaintiff's mother in

Aneth, Utah.  Officer Tolth was executing a child custody order from the Navajo Nation

Shiprock District Court on Plaintiff's sister, Regina Etsitty.

Upon arrival, Officer Tolth made contact with Plaintiff's niece, Euginia Etsitty. Officer Tolth told Eugenia to call her mother, Regina. Instead, Eugenia Etsitty called Plaintiff, who was a former clerk for the Navajo Nation District Court system, and asked her to come to the home.

When Plaintiff arrived at the home, she attempted to ascertain what the problem was. At some point, Officer Tolth stated that he was fed up with Plaintiff's interference and pulled her wrists back to handcuff her. As Officer Tolth handcuffed Plaintiff, he began to push her off the front porch and into her mother's home. As Officer Tolth pushed Plaintiff across the threshold of the house, Plaintiff stumbled and pitched headfirst into her mother's house, landing on the floor. The handcuffs slipped off of Plaintiff's wrists during the fall. Officer Tolth then grabbed Plaintiff by the collar of her shirt and pulled her from the floor.

Officer Tolth later deployed a TASER on Plaintiff, causing her to fall face down onto the floor. Officer Tolth straddled Plaintiff's back and again deployed the TASER directly to her neck and shoulders. Officer Tolth then dragged Plaintiff to the front door of the house and called an ambulance.

Plaintiff was later charged with assault, battery, and interfering with a judicial proceeding. Plaintiff remained detained for two days. Eventually, all of the charges against Plaintiff were dismissed.

Plaintiff filed this action against the United States on March 5, 2013, bringing claims for assault and battery, false imprisonment, false arrest, malicious prosecution, and negligent hiring, training, and supervision.

## II. MOTION TO DISMISS STANDARD

A challenge to subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) may take one of two forms. First, a party may bring a facial attack, which "looks only to the factual allegations of the complaint in challenging the court's jurisdiction."[1] Second, a party may bring a factual attack, which "goes beyond the factual allegations of the complaint and presents evidence in the form of affidavits or otherwise to challenge the court's jurisdiction."[2]

Where, as here, the challenge is a factual attack, "a district court may not presume the truthfulness of the complaint's factual allegations. A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)."[3] Such consideration "does not convert the motion to a Rule 56 motion."[4] Rather, a court is only "required to convert a Rule 12(b)(1) motion to dismiss into a Rule 12(b)(6) motion or a Rule 56 summary judgment motion when resolution of the jurisdictional question is intertwined with the merits of the case."[5] "The jurisdictional question is intertwined with the merits of the case if subject matter jurisdiction is dependent on the same statute which provides the substantive claim in the case."[6]

---

[1] *Muscogee (Creek) Nation v. Okla. Tax Comm'n,* 611 F.3d 1222, 1227 n.1 (10th Cir. 2010).

[2] *Id.* (citation omitted).

[3] *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995).

[4] *Id.*

[5] *Id.*

[6] *Id.*

## III.  DISCUSSION

Plaintiff brings her claims under the Federal Tort Claims Act ("FTCA").  The FTCA waives the sovereign immunity of the United States for certain torts committed by federal employees.  Under 28 U.S.C. § 2680(h), the United States retains its sovereign immunity with respect to "[a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process . . . ."[7]  However, that provision is subject to an exception where the claim of assault, battery, false imprisonment, false arrest, abuse of process, or malicious prosecution is committed by an "investigative or law enforcement officers of the United States Government."[8]

The question presented in this Motion is whether Officer Tolth was an "investigative or law enforcement officer of the United States Government."  An "'investigative or law enforcement officer' means any officer of the United States who is empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law."[9]  For the reasons discussed below, the Court finds that Officer Tolth was not an investigative or law enforcement officer of the United States Government.

The Indian Self-Determination Education Assistance Act ("ISDEAA") seeks to increase "Indian participation in the direction of educational as well as other Federal services to Indian communities so as to render such services more responsive to the needs and desires of those

---

[7] 28 U.S.C. § 2680(h).

[8] *Id.*

[9] *Id.*

4

communities."[10]  To this end, tribes may enter into "self-determination contracts" with the

Secretary of the Interior and the Secretary of the Department of Health and Human Services to

administer programs or services that would otherwise have been provided by the federal

government.[11]

The Indian Law Enforcement Reform Act ("ILERA") provides:

> While acting under authority granted by the Secretary [of the Interior] . . . , a
> person who is not otherwise a Federal employee shall be considered to be . . . an
> employee of the Department of the Interior only for purposes of . . . the provisions
> of law described in section 3374(c)(2) of Title 5   . . . ."[12]

5 U.S.C. § 3374(c)(2) provides that "[d]uring the period of assignment, a State or local

government employee on detail to a Federal agency . . . is deemed an employee of the agency for

the purpose of . . . the Federal Tort Claims Act and any other Federal tort liability statute . . . ."

In 2010, the Navajo Nation and Department of Interior entered into a funding agreement,

commonly referred to as a 638 agreement, concerning the provision of law enforcement

services.[13]  The 638 agreement provides: "For purposes of Federal Tort Claims Act coverage, the

Navajo Nation and its employees are deemed to be employees of the Federal government while

performing work under the contract."[14]

---

[10]25 U.S.C. § 450a(a).

[11]*Id*. § 450f.

[12]*Id*. § 2804(f)(1)(A).

[13]Docket No. 10, Ex. A.

[14]*Id*. at 14.

The 638 agreement incorporates a Statement of Work. The Statement of Work provides that the Navajo Nation will "perform law enforcement activities as noted in the Indian Law Enforcement Reform Act."[15] Such services include, among other things, "[e]nforcing applicable Navajo Nation and federal laws and ordinances."[16]

The Statement of Work was amended in July 2010, prior to the incident at issue. Specifically, the Statement of Work was amended to state that "[t]he Bureau [of Indian Affairs] *may* commission any law enforcement officer as a Federal Law Officer as set out in Attachment A to this Scope of Work."[17] The "Attachment A" refers to a "Deputation Agreement" that was also incorporated into the 638 agreement.

Under the Deputation Agreement, "[t]he BIA . . . *may, in its discretion*, issue special law enforcement commissions [SLEC] to law enforcement officer[s] of another agency . . . ."[18] "Navajo Nation, Navajo Division of Public Safety law enforcement officers *carrying SLECs* issued by the BIA [p]ursuant to this Agreement are given the power to enforce: All Federal laws applicable within Indian country . . . ."[19] "*Officers holding SLECs* are treated as BIA police officers for enforcing Federal laws"[20] and "will be deemed an employee of Department of the

---

[15]*Id.*, Ex. A, Attachment A, at 1.

[16]*Id.*

[17]*Id.*, Ex. B (emphasis added).

[18]*Id.*, Ex. B, Attachment A, ¶ 2.A. (emphasis added).

[19]*Id.* ¶ 3.A. (emphasis added).

[20]*Id.* ¶ 6.A. (emphasis added).

Interior for purposes of the Federal Tort Claims Act *while enforcing or carrying out laws of the United States covered by the deputation agreement*."[21]  The Deputation Agreement makes clear that

> any Navajo Nation, Navajo Division of Public Safety Law Enforcement Officer *who is deputized by the Bureau of Indian Affairs Special Law Enforcement Commission* will only be deemed an employee of the Department of the Interior for purposes of the Federal Tort Claims Act while carrying out those laws applicable to Indian country . . . .  Therefore, such officer will not be deemed a federal employee . . . for purposes of the Federal Tort Claims Act with respect to the enforcement of law except those applicable in Indian country . . . .[22]

Defendant admits that Officer Tolth was a federal employee, but disputes that he was an investigative or law enforcement officer.  Various courts have held that a tribal officer who does not have a SLEC and is not enforcing federal law is not an investigative or law enforcement officer under the FTCA.[23]  Defendant has provided evidence that Officer Tolth "has never been issued a SLEC by the BIA" and thus, "has never been authorized to enforce federal law."[24]  In addition, at the time of the alleged incident, Officer Tolth was enforcing a child custody order from the Navajo Nation Shiprock District Court, and he arrested Plaintiff for violating tribal law.  Therefore, the Court finds that Officer Tolth was not an investigative or law enforcement officer of the United States Government.

---

[21]*Id*., Preamble (emphasis added).

[22]*Id*. ¶ 8.B. (emphasis added).

[23]*See Boney v. Valline*, 597 F. Supp. 2d 1167, 1178-81 (D. Nev. 2009) (discussing cases).

[24]Docket No. 10, Ex. C, ¶ 6.

Plaintiff points to the ISDEAA, the ILERA, and the 638 agreement in support of her argument that Officer Tolth was acting as an investigative or law enforcement officer for purposes of the FTCA. However, "[n]othing in the ISDEAA, or in relevant case law, suggest that the mere existence of a Public Law 93-638 contract between the BIA and a tribe for the provision of law enforcement services automatically confers federal law enforcement authority upon the officers in tribal police departments."[25] Indeed, federal regulations provide that "Tribal law enforcement officers operating under a BIA contract or compact are not automatically commissioned as Federal officers; however, they may be commissioned on a case-by-case basis."[26] Such a process would not be necessary if either the ISDEAA or the ILERA automatically conferred law enforcement status on trial officers.

Further, the ILERA states that an employee is deemed an employee of a federal agency for purposes of the FTCA "while acting under authority" granted by the Secretary of the Interior. For the reasons discussed above, Officer Tolth was not acting under any such authority.

As Plaintiff recognizes, "the answer to whether [officers] are 'law enforcement officers' under § 2680(h) lies in the particular contract under which the services are carried out."[27] Based upon the language set forth above, the 638 agreement at issue makes clear that only officers

---

[25]*Trujillo v. United States*, 313 F. Supp. 2d 1146, at 1150 (D. N.M. 2003); *see also Boney v. Valline*, 597 F. Supp. 2d 1167, 1177 (D. Nev. 2009) ("[N]othing in the ISDEAA, or in relevant case law, suggests that the mere existence of a 638 contract between the BIA and a tribe for the provision of law enforcement services automatically confers federal law enforcement authority upon the officers in tribal police departments.").

[26]25 C.F.R. § 12.21(b).

[27]*Trujillo*, 313 F. Supp. 2d at 1150.

holding SLECs and enforcing federal law would be deemed an employee of the Department of the Interior for purposes of the Federal Tort Claims Act. Thus, while the 638 agreement allowed for the possibility that a tribal officer could be considered an investigative or law enforcement officer under the FTCA, the evidence presented shows that Officer Tolth was not. Therefore, Plaintiff's claims for assault and battery, false imprisonment, false arrest, and malicious prosecution must be dismissed for lack of subject matter jurisdiction.

Defendant also seeks dismissal of Plaintiff's negligent hiring, training, and supervision claim. Defendant is correct that Plaintiff cannot proceed on her negligent hiring, training, and supervision claim because that claim arises out of her claims for assault and battery, false imprisonment, false arrest, and malicious prosecution. Section 2680(h) bars such claims.[28] Plaintiff cannot avoid the reach of § 2680(h) by simply labeling the tortious conduct as negligence.[29]

In *Sheridan v. United States*, the Supreme Court recognized that notwithstanding § 2680(h), the FTCA permitted claims arising out of an assault and battery that are the product of independent acts of negligence by a government official.[30] The petitioners in *Sheridan* brought suit against the United States after "an obviously intoxicated off-duty serviceman named Carr

---

[28]28 U.S.C. § 2680(h); *see also United States v. Shearer*, 473 U.S. 52, 55 (1985) ( holding that § 2680(h) excludes any claim arising out of assault or battery).

[29] *Trujillo*, 313 F. Supp. 2d at 1152; *see also Shearer*, 473 U.S. at 55; *Wine v. United States*, 705 F.2d 366, 367 (10th Cir. 1983).

[30]487 U.S. 392 (1988).

filed several rifle shots into" their automobile.[31]  Prior to the shooting, three government

employees observed Carr "lying face down in a drunken stupor."[32]  When they attempted to take

Carr to the emergency room, he broke away and revealed the barrel of a rifle in his bag.[33]  The

employees fled and took no further action to subdue Carr or notify the appropriate authorities that

he was heavily intoxicated and brandishing a weapon.[34]

The petitioners sought to overcome the FTCA's general bar of claims arising out of

intentional torts of government employees based on the negligence of government employees in

allowing Carr to leave the hospital with a loaded rifle in his possession.[35]  The Supreme Court

determined that "the negligence of other Government employees who allowed a foreseeable

assault and battery to occur may furnish a basis for Government liability that is entirely

independent of Carr's employment status."[36]  The Court held the intentional tort exception to the

FTCA did not apply because the alleged negligence of the three government employees was

independent of Carr's actions and did not arise out of the battery.[37]  The intentional tort exception

to the FTCA is therefore not applicable when the tortfeasor's employment status has no bearing

---

[31]*Id.* at 393.

[32]*Id.* at 395.

[33] *Id.*

[34] *Id.*

[35] *Id.*

[36] *Id.* at 401.

[37] *Vallo v. United States*, 298 F. Supp. 2d 1231, 1240 (D. N.M. 2003); *see also Sheridan*, 487 U.S. at 403.

on a negligence claim against the government which arises out of an incident of assault or battery.[38]

Here, unlike *Sheridan*, Plaintiff has not provided sufficient allegations to support a separate or independent negligence claim. The government would have no potential liability were it not for the fact that Officer Tolth operated under the 638 agreement. Plaintiff makes no factual showing that any hiring or training procedures were violated or inadequate, nor does she allege that the government knew or should have known of any misconduct or the foreseeability of misconduct prior to the incident. Therefore, this claim must be dismissed.

Plaintiff alternatively requests to conduct discovery to determine whether Officer Tolth was acting as an investigative or law enforcement of the United States Government. Because there are no facts that would alter the Court's conclusion, discovery is unnecessary and would not be helpful. Therefore, this request must be denied.

## IV. CONCLUSION

It is therefore

ORDERED that Defendant's Motion to Dismiss for Lack of Jurisdiction (Docket No. 10) is GRANTED.

The hearing set for September 5, 2013, is STRICKEN. The Clerk of the Court is directed to close this case forthwith.

---

[38] *Sheridan*, 487 U.S. at 403; *see also Franklin v. United States*, 992 F.2d 1492, 1498-99 (10th Cir. 1993).

DATED   August 12, 2013.

BY THE COURT:

_____
TED STEWART
United States District Judge